United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANS LANTING, INC., <br> Plaintiff, <br> v. <br> MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, et al., <br> Defendants. | Case No. 15-cv-05381-DMR <br><br> **ORDER TO SUBMIT SUPPLEMENTAL SUBMISSION** <br> Re: Dkt. No. 30 |

Plaintiff Frans Lanting, Inc. has filed a Revised Motion to Amend the Complaint. [Docket No. 30.] Plaintiff seeks to remove certain claims from the original Complaint that have been shown to be noninfringing. Plaintiff also seeks to add seventy-two claims of copyright infringement based on licenses issued to Defendants McGraw-Hill Education Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively "Defendants" or "MHE") by Plaintiff's stock photography licensing agency, Corbis Corporation.

Defendants do not oppose the removal of claims, but oppose the addition of the new proposed claims based, in part, on their argument that Plaintiff unduly delayed in seeking amendment of the new claims based on the Corbis licenses. Defendants assert that "[t]here is no question that Plaintiff's counsel has had in its possession a substantial number of the Corbis invoices now pleaded in this case since *well before* the Complaint here." Opposition to Motion to Amend at 2 (emphasis in original). Defendants contend that Plaintiff's counsel has been litigating cases involving many of the same invoices from Corbis for more than three years and that at least one case, *Lefkowitz v. MHE*, No. 1:13-cv-05023-KPF (S.D.N.Y.), has addressed the liability of Defendants on a number of the invoices at issue in Plaintiff's proposed amendments.

Plaintiff concedes that it had some, but not all of the Corbis invoices at the time of the filing of the Revised Motion for Leave to Amend. Reply at 9 (citing Declaration of A. Kerr

[Docket No. 30-3], ¶¶2-3).

In assessing undue delay under Rule 15, the inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

From Plaintiff's Motion for Leave to Amend, Reply and declarations, the court is unable to discern when Plaintiff became aware of the facts or legal bases for the proposed amendments based on the Corbis invoices for the seventy-two photos, which is central to the undue delay analysis. Therefore, Plaintiff is instructed to file a declaration **by 9:00 a.m. on May 31, 2016** stating when it became aware of the facts or legal bases for its claims of copyright infringement for each of the seventy-two Photographs covered by the Corbis invoices in Plaintiffs proposed amendments, whether Plaintiff has the Corbis invoice for each of the Photographs, when Plaintiff received access to those invoices, and whether Plaintiff was aware of the facts or legal bases for each of these claims at the time that it filed its original Complaint in this matter on November 24, 2015.

**IT IS SO ORDERED.**

Dated: May 25, 2016

Donna M. Ryu
United States Magistrate Judge

2