1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANS LANTING, INC.,

          Plaintiff,

    v.

MCGRAW-HILL GLOBAL EDUCATION
HOLDINGS, LLC, et al.,

          Defendants.

Case No.  15-cv-05381-DMR

**ORDER GRANTING MOTION TO AMEND**

Re: Dkt. No. 30

12

Before the court is Plaintiff Frans Lanting, Inc.'s revised motion for leave to amend the

13

complaint in this copyright infringement action against Defendants McGraw-Hill Education

14

Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC

15

(collectively "Defendants" or "MHE").  [Docket No. 30.]  Plaintiff alleges that Defendants' use of

16

certain photos infringed Plaintiff's copyrights by using them beyond the scope of the applicable

17

license agreements.  In the revised First Amended Complaint, Plaintiff seeks to remove sixty-six

18

of the ninety-seven originally pleaded claims which have been shown by Defendants' usage data

19

to be noninfringing.  Plaintiff also seeks to add seventy-two new claims for copyright

20

infringement.  The court determined that this matter is appropriate for adjudication without oral

21

argument.  *See* Civil Local Rule 7-1(b); [Docket No. 46].  After carefully considering the parties'

22

submissions, the court GRANTS the motion.

23

**I.    BACKGROUND FACTS**

24

The following factual allegations are taken from the Complaint.  Plaintiff is a corporation

25

owned by professional photographer Frans Lanting.  Plaintiff is engaged in licensing photographic

26

images to publishers, including Defendants.  Complaint [Docket No. 1] ¶ 2.  Plaintiff owns

27

copyrights in certain photographs ("Subject Photographs"), which are the subject of this lawsuit.

28

*Id.* at ¶ 6.  The Subject Photographs have been registered with the United States Copyright Office

United States District Court
Northern District of California

or have pending copyright registrations.  *Id.* at ¶¶ 6-7.

Between 2005 and 2013, Plaintiff sold Defendants limited licenses to use copies of the Subject Photographs in particular educational publications.  *Id.* at ¶ 8.  The licenses between Plaintiff and Defendants were expressly limited by number of copies, distribution area, language, duration, and/or media.  *Id.*  Plaintiff alleges that, after obtaining the licenses, Defendants exceeded the licenses and infringed Plaintiff's copyrights in the Subject Photographs in various ways, including printing more copies than authorized, distributing publications containing the Subject Photographs outside the authorized distribution area, publishing the Subject Photographs in electronic, ancillary, or derivative publications without permission, publishing the Subject Photographs in international editions and foreign publications without permission, and publishing the Subject Photographs beyond the specified time limits.  *Id.* at ¶ 9.

## II.   PROCEDURAL HISTORY

On November 24, 2015, Plaintiff filed the present lawsuit bringing claims for copyright infringement and contributory and/or vicarious copyright infringement under 17 U.S.C. §§501 *et seq.*  Compl.  Plaintiff seeks injunctive relief, damages, and attorneys' fees and costs.  *Id.*  Plaintiff's original complaint asserted ninety-seven claims for copyright infringement based on its own direct invoicing with Defendants since April 2005.  Compl. Ex. 1.

On April 9, 2016, Plaintiff filed its First Motion to Amend the Complaint which sought to re-plead the original ninety-seven claims and to add seventy-five additional claims.  [Docket Nos. 29, 29-1.]  After counsel for the parties met and conferred, Plaintiff filed a Revised First Motion to Amend the Complaint on April 15, 2016, proposing to re-plead only thirty-one of the original claims, and to add seventy-two new claims relating to images managed through Corbis Corporation.  [Docket Nos. 30, 30-1 at Ex. 1b.]  Corbis Corporation represents and handles licensing on behalf of numerous photographers, including Plaintiff.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend the pleadings before trial should be given freely "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend is to be granted with "extreme liberality."  *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708

United States District Court
Northern District of California

1   F.3d 1109, 1117 (9th Cir. 2013) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

2   712 (9th Cir. 2001)).  In determining whether justice requires leave to amend, courts consider the

3   five factors initially identified in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "bad faith, undue

4   delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has

5   previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

6   "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."

7   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).

8   The decision to grant or deny a request for leave to amend rests in the discretion of the trial court.

9   *Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th

10  Cir. 2004); *see also Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648

11  F.2d 1254 (9th Cir. 1981); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973)

12  ("Where there is lack of prejudice to the opposing party and the amended complaint is obviously

13  not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such

14  a motion.").

## IV.    ANALYSIS

15      Defendants do not oppose Plaintiff's proposed amendment to withdraw sixty-six of the

16  originally pleaded claims, but do challenge Plaintiff's request to add the seventy-two new claims

17  relating to images managed by Corbis ("Corbis claims").  Defs.' Opp. [Docket No. 32] at 3.

18  Defendants make two arguments.  First, they contend that Plaintiff unduly delayed in seeking

19  amendment related to the Corbis claims.  *Id.* at 1.  Defendants also assert that the Corbis claims

20  are subject to a mandatory forum-selection clause that dictates that they must be brought in New

21  York.  *Id.* at 6, 9-15.

### A.    Undue Delay

23      The undue delay inquiry focuses on whether the plaintiff knew of the facts or legal bases

24  for the amendments at the time the operative pleading was filed and nevertheless failed to act

25  promptly to add them to the pleadings.  *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465

26  F.3d 946, 953 (9th Cir. 2006) (finding motion to amend untimely and prejudicial when filed

27  fifteen months after discovery of new facts).  In other words, undue delay is "dilatory motive." *In

28

*re: Facebook Privacy Litig.*, No. C–10–02389–RMW, 2015 WL 632329, at *2 (N.D. Cal. Feb. 13, 2015) (citation omitted).

In June 2015, Plaintiff first became aware of Defendants' potential infringement involving images that are handled and invoiced through Corbis. Kerr Suppl. Decl. [Docket No. 44] ¶ 6. As part of its investigation, on March 3, 2016, Plaintiff requested that Corbis produce copies of invoices related to the potential claims. On April 9, 2016, Plaintiff filed its motion to amend the complaint. [Docket No. 29.] As of April 15, 2016, Corbis still had not provided copies of the requested invoices; Plaintiff therefore drafted its Proposed Amended Complaint [Docket No. 30] using royalty statements. Kerr Supp. Decl. ¶¶ 5, 9. Corbis "regularly" provides royalty statements to Plaintiff that identify Plaintiff's images that are licensed, to whom they are licensed, and the related fees. Frans Lanting Decl. [Docket No. 45] ¶ 13. However, the royalty statements do not include information about which publications contain the images, or the limitations on the use of the images. *Id*. at ¶ 14. Plaintiff says that it has been diligently attempting to obtain the invoices from Corbis, but has been unable to obtain them and contends that it did not unduly delay in seeking amendment.

Defendants claim that Plaintiff has long been aware of the new proposed claims and that it already had access to certain Corbin invoices from prior litigation. Defs.' Opp. [Docket No. 32] at 1. Defendants thus argue that Plaintiff did not need the requested Corbis invoices to draft its Proposed Amended Complaint. Defs.' Resp. Pl.'s Suppl. Decls. ("Defs.' Supp. Br.") [Docket No. 47]. Defendants contend that Plaintiff's counsel "have been litigating for more than three years claims involving many of the very same invoices from Corbis, which are explicitly pleaded in other litigants' cases." Defs.' Opp. at 2. Defendants state that "[t]here is no question that Plaintiff's counsel [have] had in their possession a substantial number of the Corbis invoices now pleaded in this case since ***well before*** the Complaint here." *Id.* (emphasis in original). Defendants also contend that at the time Plaintiff filed its original complaint, Plaintiff was able to plead the Corbis claims based solely on information in the royalty statements, rather than the Corbis invoices. Defs.' Supp. Br. at 2.

In response, one of Plaintiff's counsel from the firm of Harmon & Seidman submitted

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    sworn testimony clarifying that, while Harmon & Seidman had received access to some Corbis

2    licenses issued to Defendants in the course of representing other clients in separate actions,

3    counsel did not have "overlapping invoices"[1] for most of the claims in Plaintiff's Proposed

4    Amended Complaint.  Kerr Supp. Decl. at ¶¶ 17-22.  Counsel further explained that for the

5    overlapping invoices that were provided by Corbis in other actions, the information relating to

6    Plaintiff had been redacted, since Plaintiff was not involved in that litigation.  *Id.* at ¶¶ 23, 30, 31.

7    Counsel also clarified that, while Defendants had produced some overlapping invoices in

8    discovery in separate cases involving other clients, all such production was designated

9    confidential.  *Id.* at ¶¶ 33, 39.  Plaintiff's counsel represented that usage data has been made public

10   in prior cases for only two licenses at issue in this case.  *Id.* at ¶ 45.

         The parties have not been transparent with the court about the relationship between the

11   information contained in the Corbis invoices and Plaintiff's ability to state a claim for copyright

12   infringement based on use that exceeded the scope of the Corbis licenses.  In reviewing the

13   examples of the invoices provided by Defendants [Docket No. 34-5] and Plaintiff [Docket No. 44-

14   2], they appear to have important factual information about the scope of the licenses, such as the

15   start and end date of the license, the size of use permitted, placement of the image, distribution

16   quantity, and any license addendum.  Although at some level Plaintiff was able to plead the claims

17   against Corbis without the invoices, it was not unreasonable for Plaintiff to attempt to obtain the

18   licenses for the photographs at issue prior to filing its claims against Corbis.  The court assumes

19   that having such information would allow Plaintiff to make its pleading more accurate.

20       More importantly, Defendants have not articulated any prejudice that they would suffer as

21   a result of the proposed amendment.  Prejudice carries the greatest weight in determining leave to

22   amend.  *Eminence Capital, LLC*, 316 F.3d at 1052.  Based on the facts before the court, there is no

23   evidence of prejudice, undue delay, bad faith, or futility.  Plaintiff's motion for leave to amend

24   comes early in the case, well before the July 29, 2016 deadline to amend the pleadings to add new

25   claims, and there is no reason to deny the amendment.  March 2, 2016 Civil Conference Minute

26

27

_____

28   [1] An "overlapping invoice" is a Corbis invoice obtained through other litigation that also happens
     to contain licensing information about images related to this case.  Kerr Supp. Decl. at ¶ 18.

1    Order [Docket No. 26]; *McFall v. Stacy & Witbeck, Inc.*, No. 14-CV-04150-JSC, 2016 WL

2    2851589, at *3 (N.D. Cal. May 16, 2016) (no undue delay where plaintiff moved promptly after

3    discovery of information and did so prior to expiration of any case deadlines, granting leave to

4    amend even though the request came at the close of discovery).

5              **B.       Corbis Forum Selection Clause**

6              Defendants also oppose Plaintiff's motion to amend on the basis that Plaintiff's proposed

7    additional claims are governed by three Preferred Pricing Agreements between McGraw-Hill

8    Education and Corbis ("Corbis PPAs"), which contain a forum selection clause indicating

9    exclusive jurisdiction in New York.  Opp. at 6.  Defendants contend that Plaintiff's proposed

10   amendment would be futile in light of the forum selection clause.  *Id.* at 8.  They also argue that a

11   number of the invoices supporting the claims that Plaintiff proposes to add to this case are already

12   pending or have already had underlying infringement contentions resolved by the courts in the

13   Southern District of New York.  *Id.* at 7-8.  Defendants ask the court to deny Plaintiff's motion

14   based on a finding that the proposed amendments are futile because they are subject to a forum

15   selection clause that requires that they be litigated in New York.  *Id.* at 15.

16             Defendants misconstrue the requirements of Rule 15.  "[A] proposed amendment is futile

17   only if no set of facts can be proved under the amendment to the pleadings that would constitute a

18   valid and sufficient claim or defense."  *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir.

19   1988) (citing *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978)).  Defendants

20   do not argue that the proposed new claims of copyright infringement are inadequately pleaded or

21   that no set of facts can be proved that would constitute a valid and sufficient claim of copyright

22   infringement.  To the extent that Defendants wish to raise the issue of venue, they must do so

23   through an appropriate motion.[2]

24   _____

     [2] Defendants rely on the case of *Deadco Petroleum v. Trafigura AG*, 617 F. App'x 636 (9th Cir.
25   2015) (unpublished), to argue that Plaintiff should be denied leave to amend based on the forum
     selection clause.  In *Deadco*, defendants moved to dismiss plaintiff's complaint on the basis of
26   improper venue under Federal Rule of Civil Procedure 12(b)(3); the issue of venue was squarely
     before the court and all claims in the action were subject to the forum selection clause.  *Deadco*
27   *Petroleum v. Trafigura AG*, No. 2:12-CV-01446-MCE, 2012 WL 6720566, at *1 (E.D. Cal. Dec.
     26, 2012), *aff'd*, 617 F. App'x 636 (9th Cir. 2015).  In response to a Rule 12(b)(3) motion, a court
28   may dismiss a case or "if it be in the interest of justice, transfer such case to any district or division

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.    CONCLUSION

The court grants leave to file the Proposed Amended Complaint.  Plaintiff shall file the pleading by June 20, 2016.

**IT IS SO ORDERED.**

Dated: June 13, 2016

_____

Donna M. Ryu
United States Magistrate Judge

---

in which it could have been brought."  28 U.S.C. § 1406(a).  Defendants have provided no authority that denying leave to amend is proper where, as here, Defendants concede that the claims may properly be brought in federal court and the issue of venue is not squarely before the court.

7